# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAWN K. SCHMITZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No.: 3:14-CV-00420-RCJ-VPC<br><br>**ORDER** |

On September 16, 2014, United States Magistrate Judge Cooke entered Minutes of the Court granting Plaintiff's Application to Proceed *In Forma Pauperis* (ECF #3). Magistrate Judge Cooke noted that Plaintiff had failed to file a complaint and granted thirty (30) days in which to file a complaint to initiate a legal action. Failure to timely do so, would result in dismissal of this action. In addition, Plaintiff was given a list of agencies to contact for legal assistance.

On September 29, 2014, a copy of the Minutes of the Court was returned as undeliverable (ECF #4).

On January 20, 2015, Plaintiff telephoned the United States District Court District of Nevada Clerk's Office, and informed clerk staff that her address had changed. Clerk staff instructed Plaintiff to file a Notice of Change of Address in accordance with LSR 2-2.

///

///

**Local Rules of Special Proceedings and Appeals 2-2 Change of Address provides as follows:**

"The plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice."

On April 29, 2015 the Court entered Minute Order (ECF #5), if no action is taken in this case on or before Friday, May 29, 2015, the Court will dismiss this action with prejudice for failure to comply with Minutes of the court (ECF #3) and LSR 2-2.

"Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (internal citations and quotations omitted). All five factors point in favor of dismissal.

Plaintiff has failed to show good cause why this action should not be dismissed with prejudice for failure to comply with Minutes of the Court (ECF #3) and LSR 2-2.

IT THEREFORE ORDERED that this action is DISMISSED with prejudice for Plaintiff's failure to comply with Minutes of the Court (ECF #3); Minute Order (ECF #5) and LSR 2-2. The Clerk of the Court shall enter judgment accordingly and close the case.

IT IS SO ORDERED.

DATED this 1st day of June, 2015.

ROBERT C. JONES
United States District Judge